IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD J. COCHRAN, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 23-1386-MN |
| DELAWARE DEPARTMENT OF CORRECTIONS, *et al.*, | ) |
|       Defendants. | ) |

**REPORT AND RECOMMENDATION**

Plaintiff Ronald J. Cochran ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action in Delaware Superior Court on October 24, 2023, alleging violations of his civil rights under 42 U.S.C. § 1983. (D.I. 2) On December 5, 2023, Warden Scott Ceresini, Warden Brian Emig, and Warden Robert May (collectively, the "State Defendants") removed the action to federal court pursuant to 28 U.S.C. § 1343. (D.I. 1) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 1-1 at 3)

On May 29, 2024, the court issued a Memorandum Order dismissing Plaintiff's case against the State Defendants without prejudice for failure to prosecute. (D.I. 7) Plaintiff moved for reconsideration, which was denied on November 15, 2024. (D.I. 8; D.I. 10) However, the court reopened the case and allowed the action to proceed against Centurion, a contract medical provider to the Delaware Department of Corrections ("DDOC"), and M.P.A. Mwga Williams, a DDOC employee (together, the "Medical Defendants"). (D.I. 10 at 2) The court indicated that a screening opinion as to the complaint's allegations against the Medical Defendants would issue in due course. (*Id.* at 3)

The court proceeds to review and screen the matter pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a). For the reasons set forth below, the court recommends the claims against the Medical Defendants be DISMISSED WITHOUT PREJUDICE. The court further recommends that Plaintiff's motion for appointment of counsel be DENIED WITHOUT PREJUDICE.

I.  **BACKGROUND**

Plaintiff alleges violations of his Eighth Amendment right against cruel and unusual punishment, medical negligence, and deliberate indifference to his medical needs. According to the complaint, on December 30, 2020, Plaintiff sustained gunshot wounds to his right upper extremity. He was taken to the hospital. Plaintiff's hospital records disclose that Plaintiff sustained two bullet wounds to the right upper extremity and right shoulder,[1] with "[s]ignificant artifact from ballistic fragments." (D.I. 2 at 19) However, Plaintiff was responsive with minimal blood loss. (*Id.* at 18) He was discharged the same day to Sussex Correctional Institution ("SCI") with instructions to follow up in three days with the surgeon.

Plaintiff asked the correctional officers at SCI about the status of his follow-up visit on January 3, 2021, but he was not taken for a follow-up visit. He filed a grievance the following day. Plaintiff's first grievance was not attached to the complaint.

Plaintiff was subsequently transferred to Howard R. Young Correctional Institution ("HRYCI"). During processing, he notified the medical staff of his injuries and shared his discharge instructions. Nonetheless, he was not taken for a medical consult. He filed another

---

[1] Portions of Plaintiff's hospital records, which are attached to the complaint and incorporated therein by reference, are illegible.

2

grievance on February 14, 2022 complaining of severe nerve damage to his right hand. (D.I. 2 at 28) He requested an evaluation of his right hand, a new hand brace, and physical therapy. (*Id.*)

Plaintiff was later transferred to JTVCC, where he again informed the medical staff of his need to receive follow-up care regarding his gunshot wounds. He filed grievances on June 18, 2022 requesting an MRI and a visit with an outside neurologist. (*Id.* at 30) After the grievances were returned unprocessed, Plaintiff filed another grievance on June 26, 2022 reiterating his request for an MRI to address "severe pain and discomfort, [and] limited mobility" in his right shoulder, arm, and wrist. (*Id.* at 31)

Plaintiff seeks compensatory, punitive, and unspecified additional damages in the amount of $1.5 million for "emotional and mental damages." (*Id.* at 11)

## II.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), a court may dismiss a complaint as frivolous if it depends on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Dooley*, 957 F.3d at 374 (internal citations and quotation marks omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A

4

complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

#### A. Failure to State a Claim Against Williams

The complaint alleges that Williams violated Plaintiff's Eighth Amendment right against cruel and unusual punishment by exhibiting deliberate indifference to his medical needs. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). To set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104. A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take

reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994). However, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

Plaintiff's deliberate indifference claim against Williams fails because the complaint does not contain any allegations of specific conduct by Williams. Liability in a Section 1983 action is personal in nature and, to be liable, a defendant must have been personally involved in the wrongful conduct. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved[.]" *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (internal citations and quotation marks omitted).

Here, there are no allegations of personal involvement, personal direction, or actual knowledge of and acquiescence in an alleged constitutional violation by Williams. The complaint generally avers that Williams "fail[ed] to perform his duties as well as failing to adhere to the request of outside notice concerning required surgery." (D.I. 2 at 10) However, Plaintiff does not allege that any of his inquiries or complaints were directed to Williams specifically, or that Williams was directly responsible for preventing Plaintiff from receiving the recommended medical care.

Plaintiff's cause of action for medical negligence against Williams also fails to state a claim. Allegations of medical malpractice are not sufficient to establish a constitutional

6

violation. *See White v. Napoleon*, 897 F.3d 103, 108-09 (3d Cir. 1990). To the extent Plaintiff seeks to raise a medical negligence claim against Williams under Delaware state law, he must comply with the requirements of Delaware's Health Care Negligence Insurance and Litigation Act. 18 *Del. C.* §§ 6801-6865; *see Nash v. Akinbayo*, C.A. No. 18-677-MN, 2019 WL 4393159, at *10 (D. Del. Sept. 13, 2019) (dismissing Delaware state medical negligence claim for failure to attach an affidavit of merit to the complaint).

When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: "(1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury." *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 *Del. C.* § 6853. At the time he filed his complaint, Plaintiff did not submit an affidavit of merit as to each defendant signed by an expert witness. 18 *Del. C.* § 6853(a)(1). Consequently, Plaintiff's claim for medical negligence against Williams fails to state a claim upon which relief can be granted. I recommend that the court dismiss the complaint's allegations against Williams pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## B. Failure to State a Claim Against Centurion

Plaintiff alleges his Eighth Amendment rights were violated when Centurion failed to adhere to his emergency room discharge papers instructing Plaintiff to return for follow up with a general surgeon on or about January 3, 2021. To state a claim against Centurion, a government contractor, the complaint must allege that Plaintiff's constitutional rights were violated as a result of a Centurion policy, practice or custom. *See Williams v. Guard Bryant Fields*, 535 F. App'x 205, 211 (3d Cir. 2013); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir.

2003). A corporate defendant "is only liable if its policies are so inadequate and ineffective that the mere decision to employ these policies demonstrates deliberate indifference on the part of the corporation." *McCray v. First State Med. Sys.*, 379 F. Supp. 2d 635, 638 (D. Del. 2005). The complaint does not allege that Centurion established or maintained an unconstitutional policy or custom that violated Plaintiff's rights. Consequently, I recommend that the court dismiss Plaintiff's constitutional claims against Centurion without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). I further recommend that the court dismiss Plaintiff's claim against Centurion for medical negligence for the reasons stated at § III.A, *supra*.

### C. Request for Counsel

Plaintiff seeks the appointment of counsel on the grounds that he exhausted his administrative remedies and his complaint states a claim for relief. (D.I. 11) A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. Having recommended that the court dismiss Plaintiff's claims against the Medical Defendants for failure to state a claim, I further recommend that the court deny as moot Plaintiff's request for counsel.

### IV. CONCLUSION

For the reasons discussed above, I recommend that the court issue an Order in the form set forth below:

## ORDER

At Wilmington this __th day of _____, 2025, IT IS ORDERED that:

1. The Report and Recommendation issued on May 2, 2025 is **ADOPTED**.

2. Plaintiff's claims against the Medical Defendants are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

3. Plaintiff's motion to appoint counsel (D.I. 11) is **DENIED AS MOOT**.

4. Plaintiff is granted leave until on or before _____, 2025 to file an amended complaint remedying the deficiencies noted in the Report and Recommendation for the claims dismissed without prejudice. The case will be closed should Plaintiff fail to timely file an amended complaint.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: May 2, 2025

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE